UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-65-HAB |
| | ) | |
| DAMIEN THOMAS | ) | |

**OPINION AND ORDER**

Defendant was sentenced earlier this year to 201 months' imprisonment for distributing heroin, methamphetamine, and fentanyl. In the interim, he has been diagnosed with stage four, terminal colon cancer. Because all parties agree that this diagnosis constitutes an extraordinary and compelling reason for compassionate release, and because the § 3553(a) factors do not otherwise weigh against release, his request to revise his sentence to time served will be granted.

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[1]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn*, 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

---

[1] Yet as *Gunn* made clear, the Guidelines' requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

Commentary note (1)(A)(i) to the Guideline section provides, as an extraordinary and compelling reason for compassionate release, that "the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory.) A specific prognosis of life expectancy. . .is not required." U.S.S.G. § 1B1.13(1)(A)(i). While the parties differ on who bears responsibility for the advanced stage of Defendant's illness, they agree that the illness constitutes extraordinary and compelling reasons for release. Based on the records provided to the Court, which show metastasizing colorectal cancer with a life expectancy of less than 18 months, the Court cannot quarrel with the parties' joint position.

Turning to the § 3553(a) factors, the Court recognizes the seriousness of Defendant's conduct. Defendant pleaded guilty to distributing large amounts of narcotics and to possessing firearms in connection with that distribution. That said, Defendant has a limited criminal background and, given the advanced nature of his illness, is unlikely to recidivate. On balance, these factors support the parties' request for release.

For these reasons, Defendant's Motion for Compassionate Release or, in the Alternative, Motion for Release under the CARES Act (ECF No. 96) is GRANTED. Defendant's previous term of imprisonment is modified to time served.

This order is stayed for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release. Defendant must be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There must be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure his safe release, the parties must immediately notify the court and show cause why the stay should be extended.

Defendant's previously imposed term of supervised release and conditions of supervised release are unchanged, except that the Court adds as a condition for supervised release that Defendant remain on home confinement for his term of supervised release.

SO ORDERED on December 19, 2022.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT